UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CYNTHIA A. SCHWARZ and HANK SCHWARZ,

        Plaintiffs,

HEALTH CARE SERVICE CORPORATION
ILLINOIS STATE PAC, NFP

        Involuntary Plaintiff,
v.                                             Case No. 09-CV-668

MIDWEST AIRLINES, INC.,
ILLINOIS NATIONAL INSURANCE COMPANY,
UNKNOWN, sued as "ABC" a fictitious entity, and
DEF INSURANCE COMPANY

        Defendants.
_____

# ORDER

On July 8, 2009, plaintiffs filed a complaint alleging plaintiff Cynthia Schwarz suffered personal injury on a Midwest Airlines' flight during its landing in Milwaukee. Hank Schwarz, her husband, alleged various damages stemming from his wife's injuries. Plaintiffs brought suit against: 1) Midwest Airlines, Inc., the operator of the plane on which the injury occurred; 2) Illinois National Insurance Company, presumably the insurer for Midwest (though that is not stated in the pleadings); 3) ABC, a fictitious name for an unknown entity believed to be responsible for the maintenance of the plane on which the injury occurred; and 4) DEF Insurance Company, a fictitious name for an unknown insurer for ABC. Plaintiffs assert that the court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

Plaintiffs assert that the amount in controversy in this case exceeds the "in excess of $75,000" jurisdictional minimum required by § 1332, though plaintiffs do not state any actual amounts in their prayer for relief. What is truly of concern to the court though is that, while plaintiffs claim that "the action is between citizens and parties of different states," complete diversity appears to be lacking. "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Here, it appears that Illinois National Insurance Company, which plaintiffs describe as "an Illinois corporation," is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated."). If indeed Illinois National Insurance Company is "an Illinois corporation," then it is a citizen of Illinois, and thus its inclusion as a defendant destroys complete diversity, as plaintiffs themselves are citizens of Illinois.

Furthermore, plaintiffs have named two unknown parties, ABC and DEF, as defendants. "[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Exception may be made if the fictional defendants are merely nominal parties, and thus can be disregarded for purposes of federal diversity jurisdiction. *United States Fire Ins. Co. v. Charter*

*Financial Group, Inc.,* 851 F.2d, 957, 958 n. 3 (7th Cir. 1988). In this instance, ABC and DEF are not nominal parties since they are actual entities, not merely possible entities that may be discovered, *see Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) (finding John Doe defendants to be merely nominal where they were not actual entities with unknown names, but rather possible defendants that may not exist, and the case was dismissed before any such additional defendants were added), and because plaintiffs seek relief against both parties, and they both have a legal interest in this action as they are being directly sued,[1] *see United States Fire Ins. Co.*, 851 F.2d at 958 n. 3 (stating that the fictitious defendants in that case were nominal parties because no relief was sought against them, and they had no legal interest in the action). Nor is this a situation where dismissal of the fictitious parties would be appropriate under Fed. R. Civ. P. 21, as these parties are not mere guarantor's of a clearly financially sound defendant's ability to pay. *See Tribune Entertainment Co.*, 106 F.3d at 218 (dropping fictitious insurer of main defendant in order to preserve diversity jurisdiction, where insurer was merely a guarantor of Tribune's ability to pay a judgment, and court had no doubt that Tribune could afford to pay an applicable judgment in the case). Rather, ABC, as the company charged with maintaining the plane, may be directly at fault; as for DEF, the court cannot say its presence is unnecessary, since the court has no information on the financial soundness of ABC (DEF's insured). Thus, dropping

---

[1] Wisconsin is a direct-action state, Wis. Stat. § 803.04(2), wherein a claimant can directly sue an alleged tortfeasor's insurer.

ABC and DEF pursuant to Rule 21 in order to create diversity (ignoring the problem of Illinois National Insurance Company's citizenship) would not be appropriate.

Thus, it appears that, at worst, plaintiffs have alleged, through their inclusion of an Illinois corporation as a defendant, that the court does not have subject matter jurisdiction. At best, they have merely failed to allege, through their inclusion of fictitious entities, that the court does have subject matter jurisdiction. "Because diversity jurisdiction must be proved by plaintiff rather than assumed as a default," *Moore*, 91 F.3d at 850, the court, in keeping with 28 U.S.C. § 1653, and Fed. R. Civ. P. 15(a)(1) will allow additional time for plaintiffs to cure any defective allegations of jurisdiction, and to amend their complaint so as to demonstrate that this court has subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that plaintiffs have twenty (20) days from the date of this order within which to file an amended complaint properly alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge