## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

CYNTHIA A. SCHWARZ and HANK SCHWARZ,

      Plaintiffs,

HEALTH CARE SERVICE CORPORATION
ILLINOIS STATE PAC, NFP

      Involuntary Plaintiff,

    v.                                          Case No. 09-CV-668

MIDWEST AIRLINES, INC.,
ILLINOIS NATIONAL INSURANCE COMPANY,
UNKNOWN, sued as "ABC" a fictitious entity, and
DEF INSURANCE COMPANY

      Defendants.

_____

## ORDER

On July 8, 2009, plaintiffs filed a complaint alleging plaintiff Cynthia Schwarz suffered personal injury on a Midwest Airlines' flight during its landing in Milwaukee. Hank Schwarz, her husband, alleged various damages stemming from his wife's injuries. Plaintiffs brought suit against: 1) Midwest Airlines, Inc., the operator of the plane on which the injury occurred; 2) Illinois National Insurance Company, presumably the insurer for Midwest (though that is not stated in the pleadings); 3) ABC, a fictitious name for an unknown entity believed to be responsible for the maintenance of the plane on which the injury occurred; and 4) DEF Insurance Company, a fictitious name for an unknown insurer for ABC. Plaintiffs' original

complaint asserted that the court had jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

The court, in an order dated July 23, 2009, explained that it appeared diversity jurisdiction was lacking, due to the fact that complete diversity did not exist, given that defendant Illinois National Insurance Company appeared to be a citizen of Illinois, as are plaintiffs. The court further noted that the inclusion of "ABC" and "DEF" as defendants was detrimental to the existence of diversity jurisdiction. *See Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits."). The court, thus, granted plaintiffs twenty days to file an amended complaint properly alleging diversity jurisdiction.

Plaintiffs filed an amended complaint on July 31, 2009; however they did not allege diversity jurisdiction, rather they asserted federal question jurisdiction on the basis that plaintiffs' cause of action arises under the Federal Aviation Act. The Federal Aviation Act was originally passed in 1958; it created the Federal Aviation Agency (later termed the "Federal Aviation Administration"), which it empowered to oversee and regulate safety in the commercial airline industry. The Federal Aviation Act contains various provisions pertaining to air safety. Indeed, 49 U.S.C. §§ 44701-44729 set forth numerous air safety regulations. However, it is apparent that the Federal Aviation Act does not include any provision creating a private right of action.

-2-

*See In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 405 (9th Cir. 1983) ("[T]he [Federal Aviation] Act does not expressly create a private right of action in favor of persons injured as a result of Federal Aviation Act violations.). Plaintiffs do not cite to any specific provision of the Federal Aviation Act which creates such a right, rather, their amended complaint merely references, as vaguely as possible, the Federal Aviation Act. The court sought some guidance by examining plaintiffs' "Civil Cover Sheet"; however, in the box that states: "Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity)**," plaintiffs entered: "28 Y.S.C. 1331." The court assumes that this is a typo, and plaintiffs meant to enter "28 U.S.C. § 1331." However, even assuming as much, the entry does not follow, because § 1331 is the federal question jurisdiction statute, and the directions clearly state not to cite a jurisdictional statute unless alleging diversity jurisdiction. Thus, the court is at a loss as to the basis for plaintiffs' assertion of federal question jurisdiction.

It would appear that the only possible basis would be if the court were to imply a federal cause of action from the Federal Aviation Act. However, plaintiffs have not asked the court do to so. Further, federal case law clearly holds that such a private right cannot be implied from the Federal Aviation Act. *See In re Mexico City Aircrash*, 708 F.2d at 408 ("We conclude that the Federal Aviation Act does not contain an implied private right of action."); *see also Spinner v. Verbridge*, 125 F. Supp. 2d. 45, 50-53 (E.D. N.Y. 2000); *O.S. ex rel. Sakar v. Hageland Aviation*

-3-

*Services, Inc.*, 609 F. Supp.2d 889, 891 (D. Alaska 2008); *Obenshain v. Halliday*, 504 F. Supp. 946, 950-51 (E.D. Va.1980); *Heckel v. Beech Aircraft Corp.*, 467 F. Supp. 278, 280-81 (W.D. Pa.1979); *Yelinek v. Worley*, 284 F. Supp. 679, 681 (E.D. Va.1968); *Moungey v. Brandt*, 250 F. Supp. 445, 453 (W.D. Wis.1966); *Porter v. Southeastern Aviation, Inc.*, 191 F. Supp. 42, 43 (M.D. Tenn.1961); *Moody v. McDaniel*, 190 F. Supp. 24, 27-29 (N.D. Miss.1960) and *Mozingo v. Consolidated Constr. Co.*, 171 F. Supp. 396, 398-99 (E.D. Va.1959) (all denying private right of action under Federal Aviation Act for wrongful death or personal injury).  Thus, the court is once again at a loss as to what basis plaintiffs have for asserting that this court has federal question jurisdiction.

Given the above, the court could dismiss this case for lack of subject matter jurisdiction.  Doing so seems especially appropriate, as it would appear that plaintiffs have now twice submitted complaints without any good faith basis for the jurisdictional allegations therein.  However, because the court's foregoing analysis was undertaken sua sponte, and thus without the benefit of briefings from the parties, the wiser course of action would be to allow plaintiffs the opportunity to show why this case should not be dismissed for lack of federal question subject matter jurisdiction.   Certainly the court is cognizant of the fact that its own research may have failed to discover either statutory or case law which would demonstrate that federal question jurisdiction does exist under the Federal Aviation Act.  Thus, plaintiffs shall have ten days to make such a showing.

Previously, the court granted plaintiffs leave to amend their complaint to properly allege diversity jurisdiction. Instead of amending accordingly, plaintiffs amended their complaint to allege federal question jurisdiction pursuant to the Federal Aviation Act. Plaintiffs have already amended their complaint, thus demonstrating that there indeed was no good faith basis for their facially invalid allegation of diversity jurisdiction in their original complaint. Any attempt to amend yet again would simply demonstrate that they engaged in the same tactics on their amended complaint as well. Thus, the music has stopped in this round of jurisdictional musical chairs, plaintiffs must now demonstrate that they in fact have a seat, as the time has passed to scramble for yet another perch. Hence, for a filing to be responsive to this order, it must demonstrate that plaintiffs have a federal private right of action arising under the Federal Aviation Act.

Accordingly,

**IT IS ORDERED** that plaintiffs shall have ten (10) days from the date of this order within which to show cause as to why their Amended Complaint (Docket # 6) should not be dismissed for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-5-